Reese, J.
delivered the opinion of the court.
The complainants, citizens of the State of Mississippi, sold a slave in the county of Greene, in this State, to one Hise for four hundred dollars, who paid them, of that sum, twenty dollars in cash down, and gave them his note at six months for $380. They left his note with Allen Gillespie as their agent to collect it, who undertook to do so. He did collect about $165, and placed the note in the hands of his son, an attorney, to collect the same. The father and son are both now dead. This bill is filed against the representatives of the former to recover the amount still due the complainant. There is no proof that the son paid over the money to the father. The son, indeed, in his life time stated verbally, and also in a writing, which is exhibited in the record, that he had paid the money to the father. But we do not regard this as testimony. There does not appear to have been any communication, whatever, between the attorney and the complainants, or any evidence that the latter knew of his employment. The question is, under these circumstances, whether the personal representatives of Allen Gillespie are liable to the claimants? And without laying any stress upon the proof made by one witness, that Allen Gillespie spoke of his purpose to convert the proceeds of *58 the note to his own use, we are of opinion, that the defendants are liable to pay the complainants. Gillespie was their agent, in that character he received a part of the money; in that character he gave the note to his son; and after it was so given, it was still his duty, in that character, to superintend the collection and receive the money. It was the duty of the son to collect it and pay it to him. That each did his duty is rather to be presumed, than the contrary. Some time intervened after the collection of the money before the death of either. If Gillespie, the agent, had made efforts to collect the money, and had failed, it would probably have been in the power of the defendants so to have shown in proof. It was the duty of the agent, and according to the common course of things, that the agent when he placed the note in the hands of the attorney, should have taken his receipt therefor. This receipt, if the attorney had not paid the money, would have come to the hands of the defendants, and could have been produced by them. This is not done. Upon the whole, we think, under all the circumstances of the case, it was incumbent upon the defendants to have shown some endeavors on the part of Allen Gillespie to collect the money from the attorney, and the failure of such endeavors.
The agent is not absolved by merely showing that an attorney intervened in the affair. If, indeed, the attorney would not, or did not pay him, that might, or might not, according to circumstances, discharge him from liability. But nothing is proved tending to show any thing of the sort.
We are of opinion that the complainants are entitled to the relief prayed, and that, therefore, the decree of the Chancellor must be reversed.